132 So.2d 14 (1961)
Robert E. KIZER, Appellant,
v.
John W. MARTIN, as Trustee of the Property of Florida East Coast Railway Company, and John H. Wilson, d/b/a Home Furniture Company, Appellees.
No. C-345.
District Court of Appeal of Florida. First District.
July 20, 1961.
Nichols, Gaither, Beckham, Colson & Spence, Miami, for appellant.
Hull, Landis, Graham & French, Daytona Beach, for appellees, John W. Martin, etc.
Alfred A. Green, Jr., Daytona Beach, for appellee, John W. Wilson.
STURGIS, Judge.
On September 30, 1957, the appellant, plaintiff below, brought a negligence action against appellees. On November 25, 1958, after the cause was noticed for trial, Revels, J., ordered a pretrial conference. A hearing thereon was scheduled for January 6, 1959. On that date the trial judge, for cause which is not challenged, continued the pretrial conference to an unspecified future date.
In May of 1959 counsel for appellant wrote the clerk of the court in which the action was pending, stating that the case was over three years old and asking that it be set for trial as soon as possible. This letter came to the attention of the trial judge who, on May 12, 1959, directly replied thereto as follows, sending a copy to counsel for appellees:
"This will acknowledge receipt of your letters relative to Kizer and Lemonis v. John W. Martin, as Trustee, etc., et al., and I wish to advise that there is another case companion to the above two, styled Kramer vs. John W. Martin, as Trustee, etc., et al., wherein the Plaintiff is represented by the firm of Hall, Sweeny and Godbee. I have been advised that all three of these cases are companion cases and should be tried before one jury. Mr. Sweeny, who is handling the case for Kramer, is a member of the Florida Legislature and I have passed all three cases until such time as he is free from his legislative duties. At the appropriate time, I will notice all concerned setting the matters for Pre-Trial, and after the Pre-Trial has been completed a trial *15 date will be set." (Emphasis supplied.)
Relying thereon, plaintiff took no further action. It appears, however, that notwithstanding the status developed by the mentioned correspondence, the case was called at the sounding of the trial docket at the 1959 fall term and the 1960 spring term and, no one appearing for the plaintiff, was on each occasion continued for the term. On September 13, 1960, prior to the sounding of the docket for the 1960 fall term, defendants moved, pursuant to F.S. § 45.19, F.S.A., to dismiss the suit for lack of prosecution for a period of one year. On November 1, 1960, the motion was granted and the suit dismissed. Plaintiff timely moved the court to reinstate the cause on the basis of the above recited facts. The motion was denied and plaintiff appeals.
The sole question before this court is whether the trial judge erred in ruling that good cause under F.S. § 45.19, F.S.A., for reinstatement did not exist, despite plaintiff's showing that failure to take action within the one-year statutory period was due to reliance on the statement of the trial judge that he would "at the appropriate time * * * notice all concerned setting the matters for Pre-Trial, and after the Pre-Trial has been completed a trial date will be set."
We cannot escape the feeling that the learned trial judge perfunctorily granted the motion to dismiss upon defendants' showing of a lapse of more than one year since formal affirmative action was taken therein, and it is likely that at the time he did not recollect the sending or the import of his letter to counsel for plaintiff. There is nothing in the record to indicate the defendants at that stage brought it to his attention. And we must assume that his subsequent refusal to reinstate the suit was based on the theory that the informal recitations of the letter did not operate to relieve plaintiff from a duty to proceed with prosecution of the suit, including attendance at the sounding of the trial docket. We do not think this is in accord with the purpose of the statute or the justice of this cause. An attorney who has received assurance from the court that he would receive notice to enable him to protect his client's rights is not chargeable with negligence in his reliance upon such assurance. Edwards v. Williams' Estate, 139 Me. 210, 28 A.2d 560.
In Robertson v. Wilson, 59 Fla. 400, 51 So. 849, the Florida Supreme Court, in reversing dismissal of a case for delay in prosecution where it was shown that the delay was occasioned by the inaction of the officially-appointed referee in the cause said:
"This delay will be excused, as it was occasioned solely by official negligence, without the contributory negligence of the plaintiff, especially as no steps were taken by the defendant to expedite the case. Warren v. Shaw, 43 Me. 429; In re McDevitt, 95 Cal. 17, 30 Pac. 101; 6 Pl. & Pr. 917."
To the same effect is Ford v. Ford, 150 Fla. 717, 8 So.2d 495, 496, where the Florida Supreme Court reversed the dismissal of a case for failure of plaintiff's counsel to appear at trial when the Clerk of Court had assured counsel of his opponent's willingness to have the case continued. The Florida Supreme Court quoted with approval from Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276, as follows:
"* * * we have not hesitated to consistently declare that, when a trial judge perceives that in consequence of inadvertence of counsel, or other cause, the rigid enforcement of rules of procedure would defeat the great object for which they were established, it is his duty to so relax them when it can be done without injustice to any as to make them subserve their true purpose, which is to promote the true administration of justice. See Barber v. State, 5 Fla. 199, text 204."
In Sudduth Realty Co. v. Wright, Fla., 55 So.2d 189, 191, the Florida Supreme *16 Court, while holding that good cause for reinstatement had not been shown on the ground that the circuit judge before whom the case was pending had been elevated to the Supreme Court some two years before, approved in dictum the contention that if the matters pending in the case "were within the mind of and subject to the control of the court," dismissal for lack of prosecution could not be justified. The position was not accepted on the facts of that case because of the length of time between the elevation of the circuit judge and the dismissal of the cause, and the availability in the meantime of other circuit judges to hear the cause. The facts in the case at bar, however, show that the same judge who made the statements to the effect that the further progress of the cases was within his control remained the circuit judge in charge and, indeed, was the judge who dismissed the causes and refused to reinstate them. The letter from the judge stating that he would take care of the matter himself justified counsel for plaintiff in presuming that further requests were unnecessary, and even unwelcome.
We are not unmindful of Rule 2.2, 1954 F.R.Civ.P., 31 F.S.A., which provides:
"The trial docket shall be sounded for the setting of cases for trial on the Tuesday before the opening day of said term, in the courtroom of said court at 2:00 [o'clock] P.M. or thereafter upon one week's notice by the clerk to the parties, which sounding and setting of causes shall be by the judge, or by the clerk of said court in the judge's absence."
The case of Goodwyn v. Leesburg Citrus Growers' Ass'n, 101 Fla. 649, 135 So. 129, in which the Supreme Court of Florida said that, "It is the duty of counsel who are employed in litigation to be present in the courtroom when cases in which they appear as counsel are to be called on the docket," is not factually in point with the case on review.
The order appealed must be and it is set aside, with directions to reinstate the cause for further proceedings according to law.
Reversed and remanded with directions.
WIGGINTON, Chief Judge, and TAYLOR, HUGH M., Associate Judge, concur.