HENDRY, Judge.
Plaintiff-appellant Neff Machinery, Inc., seeks review of an order dismissing its suit for want of prosecution pursuant to Rule 1.420(e) Florida Rules of Civil Procedure, 30 F.S.A.
In May, 1966, plaintiff brought an action against defendant-appellee Allied Electrical Company, Inc., as plaintiff alleged, to recover almost $30,000.00 for damages to a mobile crane which it had leased to defendant. Pleadings were completed after several continuances were granted, and the case was set for trial for a period beginning March 4, 1968. Plaintiff’s counsel required hospitalization at that time, and the parties stipulated to a further continuance. The trial court acting on the stipulation entered an order on March 4, 1968, stating:
“Ordered and adjudged that the trial of this cause now set for March 4, 1968, be and the same is hereby postponed to a future date to be set by this court.”
After the continuance was granted defendant, with leave granted, filed third party complaints against its insurance company and insurance agent. The third party defendants, the other appellees here, answered in February, 1970.
ín the order appealed the trial court found that the cause was once more at issue as of February 5, 1970, and that nothing in the action was done by any party subsequent to the answer of the last third party defendant on that date.[1] On April 8, 1971, some fourteen months later, the trial court then entered its order dated April 8, 1971 providing for the dismissal of the action for lack of prosecution unless “good cause” was shown to the court. The trial court made a careful review of the record including the affidavit of plaintiff’s counsel together with memoranda, and the court held a hearing on April 22, 1971, to determine whether “good cause” within the meaning of Rule 1.420(e) had been demonstrated. By the order appealed the action was dismissed for want of prosecution for failure of appellant to demonstrate such good cause.
We express the view that Kizer v. Martin, Fla.App.1961, 132 So.2d 14 is controlling. In that case the court reversed a dismissal under the predecessor statute where no action was taken after the trial court wrote counsel a letter stating that the court would “at the appropriate time” set the cause for pretrial and trial. The instant cause presents a stronger case for finding such good cause because an order of the court was involved and in the past the court had, on its own initiative, set a trial date after each of two prior continuances.
Therefore, for the reasons stated and upon the authority of the Kizer case, supra, we hold that the trial court erred in dismissing the cause for want of prosecution.
Reversed and remanded for further proceedings.

. Judge Lopez, of Key West, had been the judge assigned to the cause and had entered the relevant prior orders. A circuit judge from a nearby area was assigned his eases, upon Judge Lopez’ untimely death, and it was the visiting judge who entered the order of dismissal which is herein appealed.