OWEN, Judge.
The order appealed, which dismissed appellant’s action for lack of prosecution pursuant to Rule 1.420(e) RCP, 30 F.S.A., is reversed.
Circuit Judge James C. Downey had entered an order setting the case for trial before the court commencing on March 23, 1970, with two and one-half days alloted because of the complexity of the case. A few days before the scheduled trial date the parties stipulated to a continuance, whereupon the court entered its order dated March 19, 1970, continuing the case “. . . until such time as is mutually agreeable to the court and respective counsel for the parties”.
On April 12, 1971, the defendant filed a motion to dismiss for lack of prosecution, with the motion noticed for hearing before Judge Downey on April 27. Appellant’s counsel appeared at the scheduled hearing but found that a pro hac vice judge would hear the motion for Judge Downey, who was then on temporary assignment to another court. At no time prior to the hearing did appellant’s counsel file anything in writing to show good cause why the action should remain pending. Instead, he sought to show at the hearing, through his own statements to the pro hac vice judge, that Judge Downey (whom counsel thought would be conducting the hearing) had personal knowledge of the fact that on several occasions within the year prior to the time the motion was filed counsel had attempted to arrange a new trial date mutually agreeable to the court and to the parties. The court, in entering the order of dismissal, stated therein that it did so because it was of the opinion that when non-record activity is relied upon by a plaintiff to avoid dismissal under the rule, such non-record activity must be brought to the attention of *177 the court by a written showing of good cause filed at least five days before the hearing on the motion to dismiss.
Although appellant has presented to us the question of whether non-record activity in the prosecution of the cause can be shown at the hearing without the necessity of first presenting the substance thereof in writing (in the same manner as a showing of good cause why the action should remain pending), we believe it unnecessary to consider that point since we decide the case on another point raised by appellant. In our opinion, the order which the court entered on March 19, 1970, continuing the case “. . . until such time as is mutually agreeable to the court and respective counsel for the parties” was itself adequate protection for the plaintiff as a record showing of “good cause” in accord with the rationale expressed in Kiser v. Martin, Fla.App.1961, 132 So.2d 14, and the recent decisions of Chrysler Leasing Corporation v. Passacantilli, Supreme Court, 259 So.2d 1, opinion filed February 9, 1972, and Neff Machinery, Inc. v. Allied Electrical Co., Inc., Third District Court of Appeal, 258 So.2d 314, opinion filed February 22, 1972.
The order of dismissal is reversed and this cause remanded for further proceedings.
CROSS, J., concurs.
SALFI, DOMINICK J., Associate Judge, dissents, with opinion.