PEARSON, Judge.
The appellant who was the plaintiff in the trial court appeals an order dismissing his cause of action for failure to prosecute pursuant to rule 1.420(e), RCP, 30 F.S.A. The action was brought in January of 1970, and after an amended complaint and answer thereto the plaintiff noticed the cause for trial. On February 10, 1971, the trial judge entered an order setting the case for jury trial for the period commencing the week of December 13, 1971. The case, however, was not tried at that time. Thereafter, pursuant to a joint motion of the parties, there was a substitution of the present appellee, the wife and executrix of the deceased defendant, as party defendant. Thereafter, a newly appointed judge was assigned to handle the cause pursuant to a reorganization of the Circuit Court of the Eleventh Judicial Circuit; see amended Article Five of the Florida Constitution. On April 26, 1973, the substituted trial judge noticed the cause for dismissal pursuant to the above cited rule.
The appellant filed a written answer to the court’s motion alleging, among other things, that he had at the time that the prior judge passed the case assumed that the court would reset the case without further notice. Subsequently, the court dismissed the case.
We hold that the trial judge abused his discretion, in view of this court’s holding in Neff Machinery, Inc. v. Allied Electrical Company, Fla.App.1972, 258 So.2d 314 and the therein cited case of Kizer v. Martin, Fla.App.1961, 132 So.2d 14. The instant case differs from the Neff Machinery Case in that no written order was entered by the trial judge when he stated that he would set the case without further notice of hearing. However, the record shows as unrefuted the appellant’s answer and representations to the court concerning the nature of the former trial judge’s statement. This, coupled with the fact that the court should have taken judicial notice of the uncertainty created in this case by its reassignment from one judge to another, convinces us that there was error in dismissing the cause for want of prosecution.
Reversed and remanded for further proceedings.