353 So.2d 183 (1977)
Elena VISUNA, Lazaro Visuna, Mercedes Chambless Munoz, Individually, and As Next Friend, Legal Guardian and Mother of Francisco Munoz, Arnaldo Garcia and Juana Maria Garcia, Appellants,
v.
METROPOLITAN TRANSIT AUTHORITY and Nathanial Billy Davis, Appellees.
Nos. 77-452 and 77-464.
District Court of Appeal of Florida, Third District.
December 13, 1977.
Abramson, Scremin, Mendigutia & Libman and Sidney Z. Brodie, Stabinski, Funt, Tucker & Levine, Miami, for appellants.
Stuart L. Simon, County Atty. and John H. Moynahan, Jr., Asst. County Atty., for appellees.
*184 Before HUBBART and KEHOE, JJ., and CHARLES CARROLL, (Ret.), Associate Judge.
PER CURIAM.
Appellants filed actions against Metropolitan Transit Authority and Nathanial Billy Davis. There were three such actions, which were consolidated for trial in the court below. After certain discovery, plaintiffs noticed the actions for trial and filed pretrial catalogues. The court set the actions to be tried during the period of the weeks of December 1st and December 8th, 1975, being the last trial period to be held by Judge Goodhart before leaving the bench of the Circuit Court of Dade County. Instead of trial of the actions during said period, a continuance thereof was made by the court on its own motion when it appeared that one of the parties was hospitalized for an operation. From the record here it does not appear that any provision was made at that time as to a future date for the trial or as to procedures to be taken thereafter with reference to trial.
More than a year later, with no record showing of progress in the actions, defendants moved on January 3, 1977 for an order of dismissal for want of prosecution. Prior to hearing, plaintiffs filed a pleading in an effort to show good cause for denial of the motion, as ground for which plaintiffs alleged the filing, on August 29, 1976, of a separate action by Elena Bisuna and Lazaro Bisuna who were plaintiffs in said actions against Arnaldo Garcia, who was one of their co-plaintiffs in such actions. The latter separate action involved matter which could have been but was not filed in the original actions as a crossclaim.
The trial court recognized that there was a non-record action involved, but granted the motion to dismiss for want of prosecution on the ground that the dismissal was called for because of the non-record activity under Fla.R.Civ.P. 1.420(c), which was then applicable. Plaintiffs then filed a motion to set aside the order of dismissal, on the ground that the motion was controlled by the rule prior to amendment, under which effect was given to non-record activity. That motion was denied. The above-numbered appeals were taken by plaintiffs from said orders.
We cannot agree with the contention of appellants that the filing of the separate action, in the nature of a crossclaim, by certain of the plaintiffs against a co-plaintiff was a non-record activity such as to preclude dismissal for want of prosecution. Therefore, it is not necessary for us to rule on the question of whether the motion was controlled by the earlier rule or the rule as amended, which required showing of record activity.
However, we find merit in the argument of the appellants that once they had noticed the actions for trial it was the duty of the court to set and proceed to trial thereof, and that the failure of the court to do so should not be basis for dismissal for want of prosecution.
In City of Miami v. Dade County, 321 So.2d 140, 142 (Fla. 3rd DCA 1975), this court said:
* * * * * *
"Rule 1.440, RCP, as last amended, effective January 1, 1973, requires that the clerk, after notice of trial, shall submit the notice and file to the court and that the court shall enter an order fixing the date of trial. The precise question before us, then, is when the trial court fails for a period of one year to enter an order setting a cause for trial, after proper notice under the rule was given by a party that the cause is ready for trial, it is the duty of a party to take some action within the one year period from the notice of trial so as to prevent dismissal of the cause by the trial court for failure to prosecute.
* * * * * *
"From the reading of Rule 1.440(c), we hold that it is the duty of, and the trial court is required, to enter an order setting the cause for trial after notice is given that the cause is ready for trial, and if, in fact, it is ready for trial. * *"
* * * * * *
*185 The only distinction here is that the court, after having set the actions for trial, in effect withdrew or vacated the setting, and neither that judge nor his successor set the actions for trial thereafter for a period of more than one year, notwithstanding plaintiffs' prior notice for trial and their continued and subsequent readiness for trial. That distinction is not material. The duty to set the actions for trial remained. Megdell v. Adeff, 296 So.2d 596 (Fla. 3rd DCA 1974); City of Miami v. Dade County, supra. Cf. Kizer v. Martin, 132 So.2d 14 (Fla. 1st DCA 1961); Neff Machinery, Inc. v. Allied Electrical Company, 258 So.2d 314 (Fla. 3rd DCA 1972).
For the reasons stated, we hold good cause was shown to avoid dismissal for want of prosecution. The order of dismissal is reversed, and the cause remanded for further proceedings.