PER CURIAM.
Petitioner, which was a defendant in the trial court, has filed a petition for writ of certiorari seeking review of an order that denied its motion to dismiss for lack of prosecution. It used the wrong procedure in seeking this review. An order denying dismissal for lack of prosecution, even in an action formerly cognizable at law, is an interlocutory order which may be reviewed by interlocutory appeal. Fla.App. Rule 4.2. However, the erroneous filing of a petition for certiorari rather than a notice of interlocutory appeal does not justify dismissal where, as in this case, a proper review procedure is available and relief is timely sought. State v. Johnson, 306 So.2d 102 (Fla.1975). We will treat the petition as an interlocutory appeal.
On the merits we find that the trial court erred in denying the motion to dismiss. There was no activity in this case for more than a year after the complaint was filed. If the plaintiffs had.some excuse for not serving their complaint on this defendant for more than one year after it was filed, they failed in their duty under Fla.R. Civ.P. 1.420(e) to show good cause in writing, at least five days before the hearing on the motion, why the action should remain pending. Koppers Company, Inc. v. Victoire Development Corp., 284 So.2d 193 (Fla.1973).
REVERSED and REMANDED with directions that the defendant’s motion to dismiss for lack of prosecution be granted.
ALDERMAN, C. J., and DOWNEY and DAUKSCH, JJ., concur.