438 So.2d 856 (1983)
Melvin J. BOGART and Eva Bogart, His Wife, Appellants,
v.
F.B. CONDOMINIUMS, INC., et al., Appellees.
No. 82-2626.
District Court of Appeal of Florida, Second District.
August 31, 1983.
Rehearing Denied October 20, 1983.
Lawrence Klepetko, Sarasota, for appellants.
L. Norman Vaughan-Birch of Kirk, Pinkerton, Savary, Carr & Strode, P.A., Sarasota, for appellees.
EDWARD F. THREADGILL, Jr., Associate Judge.
This is an appeal from an order dismissing appellants' complaint for failure to *857 prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). The issue presented below was whether appellant showed good cause for an absence of record activity for more than one year. The trial judge found that good cause was not shown and dismissed the complaint. We agree that no good cause was shown.
The appellants now argue that we should reverse because the trial court failed to schedule the case for trial pursuant to appellants' notice for trial. They rely on our recent opinion in Yankee Construction Corp. v. Jones-Mahoney Corp., 430 So.2d 973 (Fla. 2d DCA 1983), in which we held that after a proper notice of trial is filed, a party has no duty to take any affirmative action to prevent dismissal of the cause for failure to prosecute. Accord Sarasota Cattle Co. v. Mikos, 431 So.2d 260 (Fla. 2d DCA 1983).
In the instant case a proper notice of trial was filed, and the case was set for trial. However, appellants' attorney then filed a motion for continuance averring that due to the extended absence of some of his clients, he could not adequately prepare for trial. Pursuant to appellants' motion, the court entered an order continuing the trial "until a date during the fourth quarter of 1978 or thereafter to be established by this court." Thereafter, additional record activity occurred, including discovery by the appellants. However, the case was never rescheduled for trial. Finally, after a twelvemonth lapse in record activity, the court granted appellees' motion to dismiss for lack of prosecution.
The point which distinguishes this case from those relied on by appellants is that here the court followed through on appellants' notice for trial by setting the case for trial. The reason why the case was not tried on the appointed date was that the appellants were not ready. Though the case could only be reset for trial by a court order, if a dismissal for lack of prosecution was to be avoided, it was incumbent upon the appellants to advise the court when the case was ready by the filing of a new notice of trial. If appellants were relying upon the court's reference to the setting of a trial date during the fourth quarter of 1978, this was dispelled when the trial was not set during that time period.
While we adhere to our view that the filing of a proper notice of trial is sufficient to avoid a dismissal for lack of prosecution when an order of trial is not forthcoming, we do not believe that a notice of trial once filed carries over beyond the setting of a trial date and a subsequent order of continuance. The caseload of our courts is such that the parties must bear their share of the burden of seeing to a prompt disposition of the trial docket.
AFFIRMED.
HOBSON, A.C.J., and GRIMES, J., concur.