DANIEL S. PEARSON, Judge.
Straubel, the plaintiff below, appeals from an order dismissing his action for failure to • prosecute. He contends that once he filed and served a notice pursuant to Florida Rule of Civil Procedure 1.440(b) advising the trial court that the case was at issue and ready for trial, he was relieved of all further responsibility to take action in the case, notwithstanding that the trial was thereafter set pursuant to his notice and then continued at his request. We disagree with this contention.
Where a case has been set for trial pursuant to a party’s notice that the case is at issue and ready for trial, and the trial is continued at the request of the plaintiff, who (here, because of a change of counsel) is not in fact ready for trial, it is incumbent upon the plaintiff thereafter to file and serve a notice that the action is once again ready to be set for trial, and his failure to do so within a year of the order of continuance subjects him to a dismissal for failure to prosecute in the absence of other record activity within the year or a showing of good cause why the action should remain pending. Bogart v. F.B. Condominiums, Inc., 438 So.2d 856 (Fla.2d DCA 1983). While we, as the court in Bogart, adhere to the view that the filing of a proper notice of trial will avoid a dismissal for lack of prosecution when an order of trial is not forthcoming, see City of Miami v. Dade County, 321 So.2d 140 (Fla.3d DCA 1975), cert. denied, 334 So.2d 604 (Fla.1976), we are also of the view that a notice of trial is no longer viable after a trial date has been set and subsequently continued, where, as here, the continuance is based on the plaintiff’s lack of readiness for trial. In such a situation, the plaintiff by procuring the continuance has effectively vitiated his prior notice of readiness and must begin again.
The appellant suggests that our holding in Visuna v. Metropolitan Transit Authority, 353 So.2d 183 (Fla.3d DCA 1977), is contrary to the view just expressed. While it is true that in Visuna this court held that the duty of the court to set the action for trial survives its order continuing the trial so as to preclude a dismissal for lack of prosecution where counsel does not renotice the case for trial within a year after the continuance, it does not appear that the continuance in Visuna was at the plaintiffs’ request, but instead appears that at the time of the continuance and at all times thereafter, the plaintiffs were ready for trial.[1] Thus, the plaintiffs in Visuna, as distinguished from the appellant here, did nothing to vitiate their notice of readiness, and an order of dismissal for want of prosecution was found to be an inappropriate response to the plaintiffs’ post-continuance inaction. We therefore read Visuna as limited to its factual setting, that is, one where the continuance is not brought about by the plaintiff’s lack of readiness for trial.
We do, however, agree with the appellant’s alternative contention that he was misled into his post-continuance inaction by the language of the order continuing the case, namely, that “this cause shall be reset for trial upon further proper notice *1024 therefor.” The appellant argues that the quoted language was susceptible to the construction, and he so construed it to mean, that the trial court would undertake to reset the action for trial at a later date. In light of the fact that a trial court, as well as any party, is authorized to set an action for trial on its own motion, by giving proper notice, Fla.R.Civ.P. 1.440(c), the appellant was justified in believing that the court had undertaken the responsibility of renoticing the case for trial and that further action on the appellant’s part was unnecessary. Therefore, under these circumstances, we think that good cause why the action should remain pending has been shown, and the order dismissing the cause for failure to prosecute must be reversed. See Neff Machinery, Inc. v. Allied Electrical Company, 258 So.2d 314 (Fla.3d DCA 1972) (order postponing trial “to a future date to be set by this court,” combined with fact that court, on its own initiative, had set trial dates after prior continuances, justified plaintiffs belief that trial court would set new trial date without further action on plaintiff’s part; dismissal for failure to prosecute reversed); Kizer v. Martin, 132 So.2d 14 (Fla. 1st DCA 1961) (same, where trial court’s letter advised counsel for the parties that “at the appropriate time, I will notice all concerned setting the matters for Pre-Trial, and after the Pre-Trial has been completed a trial date will be set”).
Lastly, we add a caveat: reliance on ambiguous orders is a dangerous game. See Bogart v. F.B. Condominiums, Inc., 438 So.2d 856 (order continuing trial “until a date during the fourth quarter of 1978 or thereafter to be established by this court” did not justify plaintiff’s belief that trial court would set new date without further action by plaintiff; dismissal for failure to prosecute affirmed). Therefore, whether on the motion of the plaintiff, the defendant or the court, if an indefinite continuance of a trial date has been ordered, the plaintiff will be well advised to renotice the case for trial, unless the trial court has in no uncertain terms relieved the plaintiff of such responsibility. See Megdell v. Adeff 296 So.2d 596 (Fla.3d DCA 1974) (dismissal for failure to prosecute reversed where, after trial continued, trial judge stated that he would set the case for trial without further notice of hearing). “He hath a wisdom that doth guide his valour to act in safety.” W. Shakespeare, Macbeth III i.
Reversed and remanded.

. The court’s opinion in Visuna notes that the continuance was made by the court on its own motion "when it appeared that one of the parties was hospitalized for an operation." 353 So.2d at 184 (emphasis supplied). Since the opinion goes on to mention "the plaintiffs’ ... continued and subsequent readiness for trial,” 353 So.2d at 185, we think it reasonable to assume that either the defendant, Davis, was hospitalized or if one of the plaintiffs were hospitalized, his or her counsel and the remaining plaintiffs indicated their willingness to go forward with the trial on the scheduled date in the absence of the hospitalized plaintiff.