SCHEB, Judge.
Appellant Balboa Insurance Company seeks review of a final order dismissing its cause for lack of prosecution.
This litigation commenced in 1978 when Palmetto Pump and Irrigation Company, Inc., filed suit against several defendants, including Balboa, seeking foreclosure of a mechanic’s lien, damages, and other relief. One of the defendants was principal and Balboa was surety on a labor and material payment bond delivered in connection with furnishing plumbing materials and supplies for the Shores of Madeira Condominium. Balboa settled Palmetto Pump’s claim and became assignee of its rights, which it sought to enforce against appellees.
On September 14, 1982, Balboa filed a motion for nonjury trial. Thereafter, between September 16 and 23, three of the appellees moved to dismiss for lack of prosecution. The trial court, however, denied the motions on November 17, 1982.
No further record activity occurred and on November 18, 1983, all appellees moved to dismiss Balboa’s cause of action for lack of prosecution. In response Balboa filed an affidavit confirming that it had filed a motion for nonjury trial in September 1982, when the cause was at issue, and that, despite its motion, the trial court had failed to set the cause for trial. Notwithstanding, on December 21, 1983, the trial court granted appellees’ motions and dismissed the cause for lack of prosecution. This timely appeal by Balboa ensued.
Once a proper notice of trial has been filed, the duty is on the court to set the cause for trial. Thus, Balboa had no duty to take any further affirmative action in order to prevent its cause from being dismissed for lack of prosecution. Mikos v. Sarasota Cattle Co., 453 So.2d 402 (Fla.1984); Yankee Construction Corp. v. Jones-Mahoney Corp., 430 So.2d 973 (Fla. 2d DCA 1983).
Appellees contend that the trial court’s order should be sustained because the custom in the Sixth Judicial Circuit requires that when a cause is submitted for trial, a *597 proposed order setting the case for trial is to be furnished to the judge. We find no merit for this contention, because the duty of scheduling is clearly on the court.
Finally, we note that the record does not reflect that, after filing its motion for trial, appellant Balboa subsequently requested a continuance. This distinguishes the case now before us from the recent opinion of the Third District in Straubel v. Gobayra, 444 So.2d 1022 (Fla. 3d DCA 1984), and our decision in Bogart v. F.B. Condominiums, Inc., 438 So.2d 856 (Fla. 2d DCA 1983), petition for review denied, 449 So.2d 264 (Fla.1984).
The trial court is directed to reinstate appellant’s cause and set the same for non-jury trial at its earliest convenience.
GRIMES, A.C.J., and SCHOONOVER, J„ concur.