466 So.2d 1065 (1985)
Manuel Antonio GOVAYRA, Petitioner,
v.
Donald S. STRAUBEL, Respondent.
No. 64988.
Supreme Court of Florida.
March 28, 1985.
Victor E. Rocha and Joel E. Bernstein of the Law Offices of Leland E. Stansell, Jr., Miami, for petitioner.
Richard F. O'Brien, III of Hall & O'Brien, Miami, for respondent.
EHRLICH, Justice.
We have for review a decision of the Third District Court of Appeal, Straubel v. Govayra, 444 So.2d 1022 (Fla. 3d DCA 1984), which reversed the trial court's order dismissing the complaint for failure to prosecute pursuant to Rule 1.420(e) of the Florida Rules of Civil Procedure. The decision conflicts with Bogart v. F.B. Condominiums, 438 So.2d 856 (Fla. 2d DCA 1983) and with Executive Commercial Services v. South Florida Parts & Supply, 361 So.2d 737 (Fla. 4th DCA 1978). We *1066 have jurisdiction. Art. V, § 3(b)(3), Fla. Const. Because we find the trial judge correctly entered the order of dismissal, we quash the decision of the district court of appeal.
After the completion of discovery and a full exchange of pleadings the respondent, who was the plaintiff, noticed the case for trial on May 29, 1980. On June 20, 1980, the court entered an Order Serving Cause for Trial on the three week period beginning September 29, 1980. On September 18, 1980, the parties filed a stipulation for continuance of trial which alleged that respondent would not be prepared on the date trial was scheduled for. On September 25, the trial judge entered an order continuing the case which provided: "This cause shall be reset for trial upon further proper notice therefor."
Thereafter followed a twenty-eight month period in which no record activity on the part of the respondent occurred. The only activity was the withdrawal and substitution of counsel for petitioner in March of 1982. On February 16, 1983, the trial court filed a Notice Preceeding Order of Dismissal. The order stated: "That the cause will stand dismissed upon the Court's own motion on Thursday, March 3, 1983, at 9:30 a.m. after hearing unless a party shows good cause in writing why the action should remain pending at least five (5) days before said hearing." No responsive pleading was filed. After hearing arguments on March 3, 1983, the trial court entered its Orders of Dismissal for want of prosecution.
On appeal, the respondent argued that he had been misled into inaction by the language of the order continuing the case. The Third District agreed with respondent's contention that the order was susceptible to the construction "that the court had undertaken the responsibility of renoticing the case for trial and that further action on the [respondent's] part was unnecessary." 444 So.2d at 1024. The Third District found that good cause why the action should remain pending had been shown and thus reversed the order of dismissal.
The Third District correctly pointed out "that the filing of a proper notice of trial will avoid a dismissal for lack of prosecution when an order of trial is not forthcoming," but that "a notice of trial is no longer viable after a trial date has been set and subsequently continued, where, as here, the continuance is based on the plaintiff's lack of readiness for trial." 444 So.2d at 1023. Mikos v. Sarasota Cattle Company, 453 So.2d 402 (Fla. 1984). The Third District agreed that because respondent had requested a continuance after giving notice of trial, he had the burden of renoticing the cause. The court found, however, that respondent had shown good cause for his failure to proceed and thus reversed.
The Third District, however, ignored the mandatory language of Rule 1.420(e) of the Florida Rules of Civil Procedure with regard to Dismissal of Actions. That rule states:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion ... after reasonable notice to the parties, unless ... a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Fla.R.Civ.P. 1.420(e). (Emphasis added.)
In the present case, after a twenty-eight month delay in record activity, the trial court properly sent Notice Preceeding Order of Dismissal which clearly stated that the case would be dismissed unless good cause in writing was shown by a party at least five days before the hearing. While the Notice gave the parties reasonable time to respond and prepare pleadings, the respondent failed to file any writings with respect to good cause. This failure to file any pleadings is sufficient grounds to justify the trial court's order of dismissal. Executive Commercial Services v. South *1067 Florida Parts & Supply, 361 So.2d 737, 738 (Fla. 4th DCA 1978).
There is further reason for upholding the order of the trial court. The district court excused plaintiff's inaction because of what the court termed the misleading language of the trial court's order. We do not believe the order is either misleading or ambiguous. Rather, we think that the language in question is clear and can only mean that notice had to be given by either the plaintiff or defendant, or the court on its own motion, in order to have the case reset for trial.
The order of the Third District Court of Appeal is quashed.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.