SHARP, Judge.
Peterzell appeals from an order granting appellee’s motion to dismiss for failure to prosecute.[1] The record discloses that although there was a one year gap in time (December 7, 1983 to December 13, 1984) in which there was no record activity in the case, on December 13, 1984, Peterzell filed a notice for trial. On December 27, 1984, appellee filed a motion to dismiss, which the trial court granted. We reverse.
The trial court found that Peterzell failed to comply with rule 1.420(e) by failing to show good cause why the suit should not be dismissed at least five days prior to the hearing on the motion. It also ruled it had inherent power to dismiss this cause for lack of prosecution, once a one year gap in activity occurred, despite the fact that other activity was commenced prior to appel-lee’s filing its motion.
The inherent power of a trial court to dismiss a case for failure to prosecute is circumscribed by rule 1.420(e):
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
This rule is not self-executing. “[I]t requires action by the court or the filing of a motion to dismiss, and such action must be undertaken before there is any further prosecution of the cause. Carter v. DeCarion, 400 So.2d 521 (Fla. 3rd DCA 1981) [review denied, 412 So.2d 464 (Fla.1982) ].”[2]
Rule 1.420(e) was not properly triggered in this case because Peterzell filed his notice for trial before appellee filed its motion to dismiss, and when the motion was filed there no longer existed a one year gap of record inactivity.[3] It follows that Peterzell did not have any duty under the rule to “show good cause in writing at least 5 days before the hearing,” and the trial court’s reliance on this “mandatory” requirement in dismissing the cause was misplaced.
Govayra v. Straubel, 466 So.2d 1065 (Fla.1985) is distinguishable from this case. In Govayra, there was a twenty-eight month gap of no record activity continuing and unbroken before the trial court filed its own motion preceding the order of dismissal. Here, Peterzell filed a notice for trial, *923 thereby breaking the gap of record inactivity. Inherent authority to dismiss a case for failure to prosecute beyond the parameters of rule 1.420(e) no longer exists. Fleming v. Barnett Bank of East Polk County, 490 So.2d 126 (Fla. 2d DCA 1986); American Salvage & Jobbing Co., Inc. v. Salomon, 367 So.2d 716 (Fla. 3rd DCA 1979).
REVERSED AND REMANDED.
COBB and COWART, JJ., concur.

. Fla.R.Civ.P. 1.420(e).

. Kubera v. Fisher, 483 So.2d 836, 838 (Fla. 2d DCA 1986).

.Florida East Coast Railway Co. v. Russell, 398 So.2d 949 (Fla. 4th DCA 1981), review denied, 411 So.2d 381 (Fla.1981); Carter v. DeCarion, 400 So.2d 521 (Fla. 3rd DCA 1981), review denied, 412 So.2d 464 (Fla.1982).