GUNTHER, Judge.
Appellant/plaintiff appeals an order granting a motion to dismiss a cause of action for failure to prosecute. We affirm.
On October 16, 1978, appellant served and filed a notice for non-jury trial. The trial court entered an order on October 19, 1978, setting the cause for non-jury trial. Then, on November 2, 1978, the appellee filed a notice for jury trial. On November 6, 1978, the trial court entered an order setting the cause for jury trial beginning the week of May 14, 1979. The May 14, 1979, trial was not held, and an order was entered resetting the ease for trial the week of October 22, 1979. The order setting the trial for October 22, 1979, refers to the action having been noticed for trial, but the file reflects only that one notice for jury trial dated November 2, 1978. Therefore, it appears the trial court set the case for a jury trial the second time without a second notice for jury trial being filed by either party. Also, the third order setting trial by jury was entered without either party filing any additional notices for trial. The record is silent as to the reasons for continuing the first, second, and third trial dates. The fourth trial setting reflects that the third trial setting was continued upon the defendant’s motion and that the fourth trial date was to be March 30, 1981. This last order entered in the court file continuing and resetting the case for March 30, 1981, is dated May 22, 1980. No other orders affecting the trial date are entered by the trial court after this order of May 22, 1980, until the court dismissed the action for failure to prosecute on March 6, 1986.
Following the order of May 22,1980, and after the trial date of March 30, 1981, appellant served successive notices of intention to take the deposition of Dephoure filed December 2, 1982, July 29, 1983, July 27, 1984, July 28, 1985, and February 19, 1986. During this time there was no activity of record other than the above filings. There is no record of Dephoure’s being subpoenaed for deposition. On February 20, 1986, appellee’s counsel sent a letter to appellant’s counsel in response to the latter’s letter dated February 19, 1986, requesting confirmation of a deposition date. In the letter, counsel for appellee informed appellant’s counsel of Dephoure’s death on January 14, 1983.
On February 21, 1986, appellee filed a motion to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e), and the court granted the motion and dismissed the action on March 6, 1986.
*1274 The appellant maintains that the notices of taking Dephoure’s deposition are sufficient record activity to preclude dismissal under Rule 1.420(e), Florida Rules of Civil Procedure. According to this court’s holding in Philips v. Marshall Berwick Chevrolet, Inc., 467 So.2d 1068 (Fla. 4th DCA 1985), discovery efforts are sufficient to preclude dismissal under Rule 1.420(e) unless that are patently repetitious. In the instant case, the notices of taking Deph-oure’s deposition are patently repetitious and therefore insufficient to preclude dismissal for failure to prosecute.
Appellant also contends that the trial court abused its discretion in dismissing the cause for failure to prosecute because the appellant had served and filed a proper notice for trial. It is the appellant’s position that once the first notice for trial was filed the court became responsible for setting and resetting the trial without either party filing any subsequent notices for trial.
We agree that once a notice for trial has been filed, the trial court has the responsibility to enter an order setting the case for trial. Fox v. Playa Del Sol Association, 446 So.2d 126 (Fla. 4th DCA), review dismissed, 443 So.2d 980 (Fla.1983). The Fox court stated:
After notice of trial, absent any other happening, the ball was in the court’s court and this precluded the dismissal for failure to prosecute despite the lack of record activity during the ensuing year. [Citations omitted and emphasis added.]
In the instant case, the trial court did enter an order setting the cause for trial after it received the notice for trial. However, the trial was then continued and reset numerous times before it was apparently continued for the last time and not reset for trial. The last order entered concerning the trial date was dated May 22, 1980, and that order set the trial for March 30, 1981. The case was obviously not tried on March 30, 1981, but the record does not reveal the reason the case was continued.
The Florida Rules of Civil Procedure are silent on the question of who is responsible for initiating the process to reset a trial after a case has been set for trial and then continued. Common sense dictates that the lawyers should at least initiate the process so that the trial court can respond by setting the case for trial. The filing of a single notice for trial does not forever protect the litigants from a dismissal for failure to prosecute. Once the trial court enters an order setting the cause for trial, if any party continues the case, the litigants have an obligation to re-notice the case for trial or at least initiate some action to alert the Court that the case needs to be reset. The trial court does not have the staff support to monitor trial settings without some assistance from the litigants. Once a court has set a case for trial, then the ball is no longer in the court’s court but is returned to the litigants whose obligation it is to move the case forward. See Fox; Govayra v. Staubel, 466 So.2d 1065 (Fla.1985).
At first blush, Miami National Bank v. Greenfield, 488 So.2d 559 (Fla. 3d DCA 1986), would seem to dictate that the trial court in the instant case should be reversed. But unlike the situation in Greenfield, the appellee’s conduct in the instant ease did not cause the appellant to forebear to his detriment. Although the trial court continued this case four times, the record does not indicate that the appel-lee was the party responsible for all continuances of the case. In fact, the record is silent as to why the trial was continued three of the four times. In particular, the continuation of the fourth trial date is without any record explanation.
Nearly five years elapsed since the case was last set for trial, and under the circumstances of this case, the trial court did not abuse its discretion when it dismissed the case for failure to prosecute.
AFFIRMED.
STONE, J., concurs.
DELL, J., dissents with opinion.