524 So.2d 1012 (1988)
FISHE & KLEEMAN, INC., Petitioner,
v.
AQUARIUS CONDOMINIUM ASSOCIATION, INC., Respondent.
No. 70542.
Supreme Court of Florida.
May 5, 1988.
Walter, Wolf, Kaplan, and Cecil T. Farrington, Fort Lauderdale, for petitioner.
Terrence P. O'Connor and Harry G. Carratt of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for respondent.
EHRLICH, Justice.
We have for review Fishe & Kleeman, Inc. v. Aquarius Condominium Association, Inc., 503 So.2d 1272 (Fla. 4th DCA 1987), because of express and direct conflict with decisions of other district courts of appeal. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. The issue presented is whether, after a party files a notice for trial and the trial court sets a trial date, but the trial is subsequently continued for some reason, there is a bar against dismissal of the action for lack of prosecution pursuant to Mikos v. Sarasota Cattle Company, 453 So.2d 402 (Fla. 1984). We conclude that the district court below correctly *1013 held that the bar against dismissal terminates after the trial court has taken action in response to the notice for trial and we approve the decision below.
The following facts are revealed by a review of the record. Petitioner, Fishe & Kleeman, Inc., filed an action as plaintiff in early 1976 to recover compensation for engineering services rendered for respondent, Aquarius Condominium Association, Inc. Respondent interposed a counterclaim. On October 16, 1978, petitioner filed and served a notice that the action was at issue and ready for trial pursuant to Florida Rule of Civil Procedure 1.440 and the trial court set the cause for a March 19, 1979 non-jury trial. On November 2, 1978, respondent filed a notice for jury trial and the trial court entered an order setting the cause for jury trial beginning the week of May 14, 1979.
The May 14, 1979 trial was not held. The trial court subsequently set the action for trial on three additional occasions for October 22, 1979, May 19, 1980, and March 30, 1981. It appears that the trial dates after the May 14, 1979 trial were set by the judge without additional notices for jury trial being filed by either party.[1] The record does not disclose why the scheduled trials did not take place, except as to the trial scheduled for May 19, 1980 which was continued on the motion of respondent and simultaneously reset for March 30, 1981. The order continuing and resetting the case for March 30, 1981 was entered on May 22, 1980 and is the last order entered by the trial court until the court dismissed the action for failure to prosecute on March 6, 1986.
In September 1981, respondent filed the first of two motions to dismiss for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). The record does not reflect the results of the scheduled hearing. The only activity of record in the case after this first motion to dismiss for lack of prosecution was the successive filing of notices of intention to take the deposition of Boris Dephoure. The record does not reflect that Dephoure was ever subpoenaed for deposition. The final notice of taking a deposition was filed on February 19, 1986. On February 20, 1986, in response to a letter from petitioner's counsel dated February 19, 1986 requesting confirmation of a deposition date, respondent's counsel informed petitioner's counsel of Dephoure's death on January 14, 1983.
On February 21, 1986, respondent filed a second motion to dismiss for failure to prosecute. At the hearing on the motion, the trial court found that the repetitious notices of deposition were filed to "keep the case open" and granted respondent's motion to dismiss. Petitioner sought relief in the Fourth District Court of Appeal. The district court affirmed the dismissal, agreeing with the trial court that "the notices of taking Dephoure's deposition [were] patently repetitious and therefore insufficient to preclude dismissal for failure to prosecute." 503 So.2d at 1274. The district court also rejected petitioner's argument that once the first notice for trial was filed the court became responsible for setting and resetting the trial without either party filing any subsequent notices for trial. Id.
Petitioner now argues that the district court erred in affirming the dismissal of the action for lack of prosecution, relying on the decision of this Court in Mikos, 453 So.2d 402 and the decision of the Third District Court of Appeal in Visuna v. Metropolitan Transit Authority, 353 So.2d 183 (Fla.3d DCA 1977). In Mikos, both the plaintiff and the defendant filed notices of readiness for trial. Although the trial court entered an order disposing of two previously filed motions, it failed to enter an order setting a trial date. Thereafter, neither the parties nor the court took any further action until over a year later when the defendant, Mikos, filed a motion to dismiss for lack of prosecution. This Court agreed with the district court below that because "it is the trial court's responsibility *1014 to enter an order fixing a date for trial under Rule 1.440(c) once notice for trial is given, the filing of the notice bars the trial court from dismissing the action for lack of prosecution." 453 So.2d at 403.
Petitioner relies upon Mikos in arguing that a plaintiff is totally exonerated from any duty to move the case forward after he files the notice for trial. In Mikos, we stated that
[a] trial judge has sole discretion in determining the order in which cases will be tried. Lawyers simply have no power nor duty to determine which cases will be tried at particular times. The rules contemplate that whenever a plaintiff is ready for trial his attorney must notify the court and ask the court to enter an order setting a trial date. It is inappropriate for a trial attorney to pressure a judge into setting a date.
Id. Based upon the above language, petitioner contends that after a continuance, when there has been no change in status and when the case continues to be ready for trial, no purpose would be served by the litigants re-filing a duplicate of the former notice of readiness for trial, except to pressure the trial judge, which is not an appropriate function of counsel and therefore not required. We disagree.
The situation recognized in Mikos in which the filing of a notice of trial bars a dismissal for failure to prosecute occurs when the trial court never sets the cause for trial in response to the notice of trial. Once a notice of readiness for trial has been filed, absent any other happening, the next step is for the court to take and it is in reference to this stage of the proceeding to which the language set forth above regarding the trial judge determining when cases will be tried and the inappropriateness of pressuring the judge into setting a date refers.
The Court also recognized, however, that there are situations when the filing of the notice of trial will not be a bar to a dismissal for lack of prosecution. The specific situation noted in Mikos is that when a case is set for trial and then the case is continued because the plaintiff subsequently indicates he is not ready for trial, the original notice of trial will not preclude a dismissal for lack of prosecution after the continuance. Id. See also Govayra v. Straubel, 466 So.2d 1065, 1066 (Fla. 1985). Petitioner, noting this Court's citation of Visuna in the Mikos decision, argues this situation is the only exception to the rule that a notice for trial bars dismissal for lack of prosecution. In Visuna, plaintiffs noticed the actions for trial and the court set the actions to be tried. A continuance was later made by the court on its own motion, with no provision apparently being made at that time as to a future date for the trial or as to procedures to be taken thereafter with reference to trial. More than a year later, with no record showing of progress in the actions, the trial court granted the defendants motion to dismiss for lack of prosecution. The third district reversed the order of dismissal, holding that once the plaintiffs had noticed the actions for trial it was the duty of the court to set and proceed to trial, and the failure of the court to do so was not a basis for dismissal for want of prosecution.
We reject petitioners' contention that the only situation where the filing of a notice of trial will not bar dismissal for lack of prosecution is where the plaintiff requests a continuance subsequent to filing the notice of readiness for trial. We agree instead with the Second District Court of Appeal[2] and the district court below that a notice of trial does not carry over beyond the setting of a trial date and a subsequent order of continuance and that if the case is continued, "the litigants have an obligation to re-notice the case for trial or at least initiate some action to alert the Court that the case needs to be reset."[3] 503 So.2d at *1015 1274. As the second district noted in Bogart v. F.B. Condominiums, Inc., 438 So.2d 856, 857 (Fla. 2d DCA 1983), review denied, 449 So.2d 264 (Fla. 1984), "[t]he caseload of our courts is such that the parties must bear their share of the burden of seeing to a prompt disposition of the trial docket." We disapprove Visuna. To the extent that our decision in Mikos can be read as adopting the contrary position set forth in Visuna, we recede therefrom. Furthermore, although an attorney should not pressure a trial judge, there are actions which counsel could properly take after a continuance in order to move a case forward without exerting pressure. One alternative would be to file a motion for pretrial conference pursuant to Florida Rule of Civil Procedure 1.200(b). One of the matters which may be considered and determined in such a conference is the setting or resetting of the time of trial. Other alternatives include filing a motion to reset the cause for trial or filing a re-notice of readiness for trial.
We also reject petitioner's argument that dismissal of this cause for lack of prosecution impinges unfairly on the right to rely on a "track record" of established local procedure for re-setting trials sua sponte. Petitioner contends that the trial court re-set the present case three times sua sponte, without renoticing of readiness for trial and that if there was to be a change of this practice after the third re-setting, petitioner should have been notified of the change before the court invoked a new re-filing requirement and dismissed the action. Even if we were to accept this argument in the abstract, it would not be applicable in the present case. Nearly five years elapsed between the last trial date set by the trial court and the granting of the motion to dismiss, with no record activity.[4] Any reliance upon the trial court re-setting the action for trial on its own was dispelled when the trial was not reset during a reasonable time after the passing of the last set trial date. We agree with the district court below that under the circumstances of this case, the trial court did not abuse its discretion when it dismissed the case for failure to prosecute. Accordingly, we approve the decision below.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Although the orders setting the trial for the week beginning October 22, 1979 and for May 19, 1980 refer to the action having been noticed for trial, the only notice for jury trial contained in the record is the notice for jury trial dated November 2, 1978.
[2] Bogart v. F.B. Condominiums, Inc., 438 So.2d 856 (Fla. 2d DCA 1983), review denied, 449 So.2d 264 (Fla. 1984).
[3] In light of the absence of documentation regarding the continuances in the present case, we note that the preferable approach to be followed by trial judges would be to enter an order when granting a continuance, stating the reason for the continuance, and specifying the action to be taken in order to have the cause reset. See, e.g., Govayra v. Straubel, 466 So.2d 1065 (Fla. 1985), where the trial judge entered an order continuing the case which provided that the cause would be reset for trial upon further proper notice therefor.
[4] Petitioner does not challenge the decision of the district court below that the notices of taking Dephoure's deposition are insufficient to preclude dismissal.