JORGENSON, Judge.
The City of Miami appeals from an order dismissing its action for failure to prosecute. We affirm.
This action has been pending for nine years. In 1981, Arratin Sturrup filed a negligence action against the City of Miami. In June 1983, the City filed a cross-claim against United States Fidelity & Guaranty Company [USF & G]. The claim by Sturrup was dismissed with prejudice. In May, 1984, the trial court set the cross-claim for trial during the two-week period beginning October 22, 1984. The City moved for a continuance. On November 27, 1984, the City filed its Notice for Jury Trial. USF & G then successfully moved for summary judgment on one count of the City’s cross-claim. The City’s claim under its contract of insurance with USF & G remained pending. After eighteen months had passed with no record activity, USF & G moved to dismiss for failure to prosecute. The trial court denied that motion. The City took no further action, and in August, 1989, USF & G again moved to dismiss for failure to prosecute. The trial court granted the motion and entered an order of dismissal.
The trial court’s order of dismissal was correct under the rule of law announced by the Florida Supreme Court in Fishe & Kleeman v. Aquarius Condominium, Ass’n, 524 So.2d 1012 (Fla.1988). In Fishe, the supreme court held that “a notice of trial does not carry over beyond the setting of a trial date and a subsequent order of continuance and that if the case is continued, ‘the litigants have an obligation to re-notice the case for trial or at least initiate some action to alert the court that the case needs to be reset.’ ” 524 So.2d at 1014. The court reasoned that “[t]he caseload of our courts is such that the parties must bear their share of the burden of seeing to a prompt disposition of the trial docket.” Id. at 1015. The plaintiff in Fishe had moved for a continuance and then failed to refile a notice of trial. In this case, although the City had filed a notice of trial after it had obtained a continuance, that notice of trial was filed in November, 1984. We do not read Fishe to allow a plaintiff (or, as here, a cross-claimant) to rely on a five-year-old notice of trial, take no further action to move the case along to trial, and then avoid dismissal for failure to prosecute. In Fishe, the supreme court stated that “[a]ny reliance upon the trial court resetting the action for trial on its own was dispelled when the trial was not reset during a reasonable time after the passing of the last set trial date.” 524 So.2d at 1015. The City’s reliance on the trial court to set a trial date five years after the City had filed a notice of trial was not reasonable.
In Fishe the supreme court suggested various steps that counsel could take to move a case forward without pressuring the trial court, including scheduling a pretrial conference or filing a renotice of readiness for trial. 524 So.2d at 1015. The City’s failure to file a subsequent renotice of trial or take any action at all for two years[1] after the trial court denied the first *930 motion to dismiss cannot inure to its benefit.
Affirmed.

. The City’s only involvement in the lawsuit between 1984 and 1989 was defensive. Although USF & G’s first motion to dismiss may have alerted the court that a notice of trial was pending, under Fishe the City had the duty to take some affirmative act to alert the court that it remained ready for trial.