SCHOONOVER, Chief Judge.
The appellant, Paul S. Berger, challenges a final judgment dismissing his action against the appellee, Henry L. Penia, for failure to prosecute. We reverse.
On February 12, 1986, the appellant filed an action in Dade County, Florida, seeking to recover attorney’s fees from the appel-lee. In 1988, one of the appellee’s many motions to transfer venue to Hillsborough County was granted. The case was transferred to Hillsborough County and assigned case number 88-16355. The appel-lee then filed a motion seeking to consolidate another action pending in Hillsbor-ough County, case number 85-10690, with case number 88-16355. The 1985 case arose out of an action for attorney’s fees brought against the appellee by the appellant’s co-counsel. In that action, the appel-lee filed a third party action against several attorneys, including the appellant. The judge assigned to the 1985 case granted the appellee’s motion to consolidate. From that time on every pleading filed by the appellant contained both case numbers and indicated both actions in the style of the pleadings.
Although the appellant pursued case number 88-16355, the clerk placed all pleadings into the 1985 case file and after more than a year elapsed without any pleading being filed in the 1988 case, it was dismissed for failure to prosecute. The appellant filed a motion to set aside and vacate the judgment of dismissal contending that he was not notified of the dismissal until he appeared for a hearing in the trial division handling the 1985 case. After the judge assigned to the 1988 case granted the appellant’s motion, the appellee moved to vacate the order because he did not have proper notice of the hearing to consider the motion. The appellee’s motion was granted, and the appellant filed a timely notice of appeal from the order dismissing the action for failure to prosecute.
It is apparent from the record that both of the cases mentioned herein arose from the same facts and that both the appellant and the appellee at various stages of the proceedings understood that the cases were to be treated as one. In the original Dade County case, the appellee filed a motion alleging that the case should be transferred and consolidated with the Hillsborough County case. The Dade County order transferring the case also stated that the case should be consolidated with the 1985 case pending in Hillsborough County. Once the case was in fact transferred, the appellee moved for and received an order granting a consolidation. The appellant’s pleadings indicated both actions in the style of the pleadings and referenced both case numbers.
Although the two cases were assigned to different circuit judges, the judge that entered the order consolidating the cases had jurisdiction to enter the order. Pantoja v. Reliable Trucking, Inc., 585 So.2d 955 (Fla. 4th DCA 1991). Furthermore, the fact that case number 88-16355 did not show record activity for more than a year was not the fault of the appellant. A copy of the order granting the appellee’s motion *1128 to consolidate the cases, as well as all pleadings which contained the 1988 case number, should have been filed in the 1988 case file. The uncertainty caused by the failure to do so should not have resulted in the dismissal of the action. See Megdell v. Adeff, 296 So.2d 596 (Fla. 3d DCA 1974).
We reject the appellee’s contention that the court did not abuse its discretion because the appellant did not show cause at least five days before the hearing on the order to show cause. The record does not reflect that there was a hearing for the purpose of considering the dismissal and the appellant contends that he did not even know the case had been dismissed until he attended a hearing in the 1985 case. Additionally, since there was record activity in the case, although not in the case file, it was not necessary to show cause why the action should not be dismissed. Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991).
We, accordingly, reverse and remand with instructions to reinstate the appellant’s cause of action originally filed in case number 88-16355.
Reversed and remanded with instructions.
RYDER and PATTERSON, JJ., concur.