636 So.2d 565 (1994)
Barry BUSH, etc., Appellant,
v.
UNIVEST REAL ESTATE CORPORATION, etc., et al., Appellees.
No. 93-1261.
District Court of Appeal of Florida, Third District.
May 10, 1994.
*566 Alex Hofrichter and Steven R. Berger, Miami, for appellant.
Kenny, Nachwalter, Seymour, Arnold, Critchlow & Spector and Jeffrey T. Foreman, Miami, for appellees.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
Barry Bush appeals from a final order dismissing a breach of contract action for lack of prosecution. Fla.R.Civ.P. 1.420(e). We reverse.
Bush filed a complaint against Univest Real Estate Corporation (Univest) in 1989, seeking to recover a real estate commission allegedly due his deceased father as a result of the father's efforts in procuring a buyer for commercial real property owned by Univest. The parties exchanged a series of pleadings and motions which led to Bush's third amended complaint and Univest's answer and affirmative defenses to that complaint. On April 22, 1992, Bush served a Reply to Univest's affirmative defenses. Bush's Reply was filed with the clerk of court on April 27, 1992. Nearly one year later, on April 12, 1993, Bush filed notice of service of Plaintiff's Pre-Trial Interrogatories to the defendant Univest. The three interrogatories propounded by Bush sought to determine whether a witness was still affiliated with Univest, whether all potentially liable defendants were named in the lawsuit, and to determine if any of Univest's prior discovery responses had changed.
Univest responded on April 22, 1993, with a motion to dismiss for lack of prosecution. At hearing, the court granted Univest's motion and dismissed the action finding that the appellant's interrogatories, filed two weeks before the one year without record activity limit, were in bad faith, duplicative, and were not designed to move the case toward a resolution on the merits. The court denied Bush a rehearing and this appeal followed.
The Florida Supreme Court has provided the test for trial courts to apply when considering dismissal for failure to prosecute when some discovery has occurred during the last year: dismissal is appropriate only if the discovery is in bad faith and without design to move the case forward toward a conclusion on the merits. Del Duca v. Anthony, 587 So.2d 1306, 1309 (Fla. 1991). We find that the interrogatories in this case are not "frivolous or clearly useless" and are sufficient record activity to preclude dismissal. Id.; Anthony v. Schmitt, 557 So.2d 656, 660 (Fla. 2d DCA 1990), (It is common for litigants to request updated answers concerning year-old interrogatories, and as a general rule these supplemental interrogatories are not regarded as bad faith discovery.) decision approved by Del Duca v. Anthony, 587 So.2d 1306 (Fla. 1991).
Accordingly, we reverse the order of dismissal for lack of prosecution.