PER CURIAM.
Appellant appeals dismissal of her personal injury suit for lack of prosecution. We reverse because activity appears on the face of the record.
A dismissal for lack of prosecution occurs after two distinct steps: “First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed.” Del Duca v. Anthony, 587 So.2d 1306, 1308 (Fla.1991). Here, eighteen calendar days before Appellee moved to dismiss the action for lack of prosecution, Appellant moved to compel answers to interrogatories and filed a notice that she was ready for trial. This activity is legally sufficient under the terms of Florida Rule of Civil Procedure 1.420(e) because it is calculated to advance Appellant’s cause to trial. See Bush v. Univest Real Estate Corp., 636 So.2d 565 (Fla. 3d DCA 1994); Peterzell v. Urbach, 497 So.2d 921 (Fla. 5th DCA 1986). With legally sufficient activity appearing on the face of the record, there is no need to examine whether Appellant established good cause, as mere inactivity for a period of less than one year is not grounds for dismissal for lack of prosecution. Fla. R. Civ. P. 1.420(e); Del Duca, 587 So.2d at 1308.
Accordingly, because the record affirmatively shows legally sufficient activity for the year preceding Appellee’s motion to dismiss for failure to prosecute, we reverse the trial court’s order dismissing Appellant’s suit for lack of prosecution and remand this case for proceedings consistent with this opinion. Fla. R. Civ. P. 1.420(e); Douglas v. Eiriksson, 347 So.2d 1074 (Fla. 1st DCA 1977).
REVERSED AND REMANDED.
DELL and GUNTHER, JJ., and HENNING, PATTI ENGLANDER, Associate Judge, concur.