DOWNEY, Judge.
Appellants, Arthur and Shirley Van Gorder, were plaintiffs in the trial court and appellees, Blank (R) Construction Corporation and Curcie Brothers, Inc., were defendants. After the case had been set for trial it was removed from the trial calendar by court order to await a decision of the Supreme Court involving a controlling issue. The order stated that the case “shall be reset or otherwise disposed of in accordance with the decision of the Florida Supreme Court or other Florida Appellate Court.”
More than nineteen months after the decision of the Supreme Court had been published each of the defendant-appellees filed a motion to dismiss the cause for lack of prosecution. Thereupon appellants immediately filed a notice of trial and scheduled a deposition. At the hearing on the motions to dismiss counsel for appellants orally advised the court of some “nonrecord activity” which occurred during the one year period. However, after the hearing the court entered orders granting the motions to dismiss. Appellants thereafter filed a petition for rehearing and attached written evidence of the alleged nonrecord activity. The petition for rehearing was denied.
Florida Rule of Civil Procedure 1.420(e) provides:
Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court of its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion.
The rule requires that appellants make some affirmative showing of activity which would justify denial of the motion. See Newman v. Bennefeld, 193 So.2d 482 (Fla.2d DCA 1967). It is clear from this record that appellants did not show “good cause in writing why the action should re *1005 main pending at least five days before the hearing on the motion.” If appellants ever showed any cause in writing it was in their petition for rehearing, which showing comes too late. Curry Corporation v. Greenfield, 235 So.2d 49 (Fla.3d DCA 1970).
The appellants have failed to demonstrate error. The orders appealed from are therefore affirmed.
MAGER, C. J., and CROSS, J., concur.