352 So.2d 554 (1977)
Soshana DASHEW, Appellant,
v.
Hy MARKS, Appellee.
No. 77-1644.
District Court of Appeal of Florida, Third District.
November 29, 1977.
Shevin, Shapo & Shevin and David A. Freedman, Miami, for appellant.
Nelan Sweet, Miami Beach, for appellee.
Before HENDRY, C.J., HAVERFIELD, J., and DREW, E. HARRIS (Ret.), Associate Judge.
DREW (Ret.), Associate Judge.
On 26 May 1977 the trial court, pursuant to Rule 1.420(e), Fla.R.Civ.P., dismissed this cause for failure to take any action by the filing of pleadings, order of court, or otherwise for one year. Plaintiff moved to reinstate *555 the cause, because "the plaintiff was under the impression that the attorney for the defendant was to prepare (an) appropriate order" for the court, reducing to writing the court's oral rulings on certain motions filed in the cause, but "the order was never prepared and the cause remained dormant awaiting said order" for more than the time allowed by the rule. Further, the defendant alleged he "has a good and valid law suit and in the interests of justice is prepared to proceed to trial upon notice * * *". The trial court, after hearing, granted the motion and reinstated the cause, from which order this appeal has been prosecuted. The appellee has not favored this court with a brief.
As to the first ground for reinstatement, the delay of the court in handing down a written order after an oral decision on the pleadings does not relieve the plaintiff of his duty to proceed and does not affect the defendant's right of dismissal.[1] It is plaintiff's responsibility to expedite the litigation commenced by him and ensure the prompt dispatch of the court's business.[2]
The second ground alleged is wholly without merit to warrant reinstatement of an action dismissed under the rule. The court's determination that the case should be reinstated because the interests of justice would be served by allowing the defendant his day in court finds no support in the reported cases, and is clearly not a basis for reinstatement contemplated by the rule.[3]
Reversed, with directions to reinstate the order of dismissal.
NOTES
[1] Karkeet v. Snyder, 275 So.2d 302 (Fla. 3rd DCA 1973); Moore v. Gannon, 178 So.2d 618 (Fla. 3rd DCA 1965).
[2] Elmer A. Yelvington & Sons, Inc. v. Sheridan, 65 So.2d 44 (Fla. 1953). Also see: Dobson v. Crews, 164 So.2d 252 (Fla. 1st DCA 1964).
[3] Laug v. Murphy, 205 So.2d 695 (Fla. 4th DCA 1968); Schreyer v. Liniado, 100 So.2d 199 (Fla. 3rd DCA 1958).