ANSTEAD, Judge,
dissenting with opinion.
By appeal and petition for writ of certio-rari the appellant-petitioner seeks .review of an order setting aside an order of dismissal for failure to prosecute. The cause was dismissed pursuant to Fla.R.Civ.P. 1.420(e) on March 2, 1978. On March 15, 1978, a motion seeking to set aside the order of dismissal was filed and on June 20, 1978, that motion was granted.
Rule 1.420(e) requires the dismissal of an action in which it appears on the face of the record that no activity has occurred in the cause for a period of one year, unless good cause is shown in writing, at least five days before the hearing on the motion to dismiss, as to why the action should remain pending. In this case there were two defendants, the appellant-petitioner Brown and the Greyhound Bus Company. Brown filed a motion to dismiss on February 16, 1978, and Greyhound filed a motion to dismiss on February 23,1978. A hearing was conducted on February 24, 1978, and the cause dismissed on March 2, 1978. Then, on March 15, 1978, appellees-respondents filed a motion for reconsideration seeking to set aside the order of dismissal. That motion alleged:
1. That the motions to dismiss were premature in that the record reflected activity during the year prior to dismissal.
2. That Greyhound’s notice of hearing was insufficient and served less than three days before the hearing on the motion to dismiss.
3. That the statute of limitations would bar the refiling of the suit.
In my opinion this motion was both insufficient and untimely. Van Gorder v. Blank (R) Const. Corp., 341 So.2d 1003 (Fla. 4th DCA 1977).
If we assume that a petition for rehearing was authorized[1] under the rules, the petition here was untimely as more than ten days had passed since dismissal. Appel-lees-respondents contend the petition was really a motion under Rule 1.540(b)(4) which provides for relief from void judgments. However, the dismissal order entered here was not void, even if it was entered erroneously. Gross v. Simanonok, 366 So.2d 47 (Fla. 2d DCA 1978); Fames v. Kirk, 251 So.2d 324 (Fla. 1st DCA 1971). Therefore, relief could not have been granted under Rule 1.540(b)(4) even if the order was entered erroneously. If the order was erroneous the appellees-respondents were obligated to take an appeal. Of course, the motion for rehearing did not even claim the order was void under Rule 1.540(b)(4), but rather alleged insufficient notice of the hearing by Greyhound. Interestingly, the motion for rehearing was denied as to Greyhound and granted only as to Brown. Moreover, it is conceded that the first time any objection was raised to the sufficiency of the notice of hearing was in the petition for rehearing. This was too late. Van Gorder, supra.
The record also reflects that the order of dismissal was not entered erroneously. The last activity of record prior to the motions to dismiss and the order of dismissal was the filing of a claim of lien on August 25, 1977, by Security Insurance Company, a non-party to the action, stating its claim of lien for allegedly having paid insurance benefits for the Morellas. That would not prevent a dismissal. The record then reflects the filing by Brown, on February 8, 1977, of notices taking depositions of three witnesses, and the filing on February 16, 1977, of returns of subpoenas for those three witnesses reflecting that the witnesses could not be located and served. It is conceded that the depositions were never taken. Prior to that the record reflects the filing of answers by Brown on August 13, 1976, to interrogatories propounded by Greyhound. There is simply no record activity within the year prior to dismissal. Even if you concede Brown’s motion was premature, it had certainly matured by the time of the hearing on February 24 and the *573 entry of the order of dismissal on March 2, both of which dates arrived and passed without further activity by the appellees-re-spondents, who had actually taken no action in the case since the filing of the lawsuit more than two years before. Greyhound’s motion was clearly timely, and under Rule 1.420(e), after one year of inactivity, unless good cause is shown, the cause “shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not . . .” The granting of Greyhound’s motion would be as effective to dismiss the action as would be the granting of Brown’s motion.
Finally, the passage of the limitation period is not grounds for denying or setting aside a dismissal. F.M.C. Corporation v. Chatman, 368 So.2d 1307 (Fla. 4th DCA 1979).
I would reverse the order reinstating the cause of action.

. Florida East Coast Railway Company v. Southern Sanitation Service, Inc., 370 So.2d 1200 (Fla. 4th DCA 1979).