PER CURIAM.
This suit on a promissory note was filed against appellee on March 6, 1978 in the Circuit Court of Monroe County, Florida. The controlling point on appeal is whether the trial court erred in dismissing this cause of action for want of prosecution.
On July 9, 1979, appellee’s pleadings were stricken and a default was entered against him. A non-jury trial was held on March 5, 1980. The appellant was not able to produce the promissory note so the trial judge recessed the trial, ruling that judgment on the default would not be entered unless the note was produced and offered in evidence. No date for the resumption of the trial was specified.
Over fifteen months later, the court on its own motion notified appellant that the cause would be dismissed unless good cause was shown why the action should remain pending. Plaintiff responded that he had not been able to locate the original note, but believed it was still possible to locate it and offer it in evidence. Based upon that statement, the trial judge extended the time to show good cause to October 19, 1981, and upon further request for more time, granted an additional extension.
On May 10, 1983 the court again on its own motion notified appellant that the suit was subject to dismissal for failure to prosecute; appellant responded requesting that the suit not be dismissed. The trial judge ruled that appellant had failed to show good cause why suit should not be dismissed, since counsel for the appellant had failed to show what he or his client had done to try to locate the original promissory note, failed to show what steps, if any, had been taken to re-establish the note as a lost instrument, and failed to show anything to advance the suit to a conclusion. Thereupon, the cause was dismissed for lack of prosecution, pursuant to Rule 1.420(e), Florida Rules of Civil Procedure, which provides, as follows:
(e) Failure to prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
We have carefully considered the propriety of the trial court’s action in dismissing the cause of action, and have concluded that no abuse of discretion or other error has been demonstrated. See Dashew v. Marks, 352 So.2d 554 (Fla. 3d DCA 1977); Industrial Trucks of Florida, Inc. v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977); Douglas v. Eiriksson, 347 So.2d 1074 (Fla. 1st DCA), cert. denied, 353 So.2d 674 (Fla.1977); Van Gorder v. Blank (R) Construc *880 tion Corp., 341 So.2d 1003 (Fla. 4th DCA 1976), cert. denied, 354 So.2d 987 (Fla.1978). See generally Elmer A. Yelvington & Son, Inc. v. Sheridan, 65 So.2d 44 (Fla.1953).
Affirmed.