488 So.2d 559 (1986)
MIAMI National Bank, Appellant,
v.
Leo GREENFIELD, Leo Greenfield, P.A., Barbara Greenfield, South Park Realty, Inc. and Royal Dixie Manor, Inc., Appellees.
No. 84-2687.
District Court of Appeal of Florida, Third District.
April 22, 1986.
Rehearing Denied June 2, 1986.
*560 Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey and Gregory P. Borgognoni, Miami, for appellant.
Greenfield & DuVal and Harvie S. DuVal, North Miami, for appellees.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
This appeal is brought from an order dismissing a complaint, pursuant to Florida Rule of Civil Procedure 1.420(e), for failure to prosecute. We reverse finding plaintiff to have been victimized by tactics described in professional parlance as "stonewall and sandbag."
In July, 1979, Miami National Bank (MNB) filed its complaint against attorney Leo Greenfield, his professional corporation, and three other defendants to recover on unpaid promissory notes and guarantees. The defendants answered and filed counterclaims, including a class action count. By order of November 9, 1979, the court struck the class action count of the counterclaims with leave to amend. Greenfield filed an amended counterclaim on November 30, 1979.
On November 29, 1980, the court, on MNB's motion dated December 17, 1979, dismissed Greenfield's counterclaim with leave to amend. Greenfield filed a second amended counterclaim on February 5, 1981.
MNB filed its notice for trial on September 23, 1981, which was amended a week later. The court, by order dated December 10, 1981, set the case for jury trial in the two-week period commencing March 15, 1982.
By a motion dated February 17, 1982, defendants requested an indefinite continuance. As grounds for the continuance defendants alleged that certain of their witnesses *561 were under indictment in connection with the same matter; that criminal proceedings were pending; and that under the circumstances certain witnesses might refuse to testify. It was further alleged that settlement negotiations were ongoing which could resolve the lawsuit prior to March 11, 1982. The court granted defendants' motion. On March 24, 1983, one year later, the court sua sponte reset the case for trial during the two-week period commencing June 6, 1983. On May 12, 1983, defendants moved to continue the trial and on May 19, 1983, moved for leave to file a third amended counterclaim. The court granted the continuance to August 1, 1983 and denied the motion to file a third amended counterclaim.
On June 15, 1983, MNB filed its motion to dismiss the counterclaim filed by both Greenfield and his professional association. Greenfield then filed a motion to remove the cause from the trial calendar, giving as reasons that, inter alia, the parties had previously agreed that the matter would be deferred pending the disposition of certain criminal matters, arising out of the same transaction, where Greenfield was a defendant. By order dated June 28, 1983, the court granted the defendants' motion to remove the cause from the trial calendar on a finding that "this action is not at issue." It ordered that the action "be reset for trial on appropriate notice after the action is at issue."
On July 25, 1983, the defendants filed motions for leave to add an additional party defendant by a proposed third amended counterclaim. The motions were heard on August 16, 1983, at which time the court ruled orally that no new parties or claims could be added to the third amended counterclaim. MNB's uncontroverted evidence shows that its counsel hand-delivered a proposed order to the trial court reflecting its ruling on the defendants' motion to amend, and that the court never rendered an order disposing of the motion.[1]
By order dated September 5, 1984, the trial court entered a Motion, Notice And Judgment of Dismissal, pursuant to Florida Rule of Civil Procedure 1.420(e),[2] ordering MNB to show good cause why the action should not be dismissed for lack of prosecution. Two days later, the defendants filed their own motion to dismiss for lack of prosecution. After an evidentiary hearing, the trial court entered the order of dismissal dated November 7, 1984.
Plaintiff MNB contends and we agree that estoppel principles should preclude dismissal for failure to prosecute. After MNB filed its notice for trial in September, 1981, the case was removed from the trial calendar or continued four times at the defendants' request. Two of the continuances were an accommodation to defendant Greenfield so that he would not have to avail himself of a fifth amendment privilege against self-incrimination in lieu of giving important testimony in personal defense of this civil lawsuit.
Ordinarily, delay caused by a defendant prior to the onset of a year of inactivity is irrelevant, Industrial Trucks of Florida, Inc. v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977), but one of the reasons given for the delay in this case presumably continued into the final year of inactivity. There is no showing in the record that the government had abandoned the prosecution of Greenfield prior to September 5, 1983. Nor was there any record showing by Greenfield that the status of the criminal *562 prosecution was such that the civil trial could go on.
Where the words or conduct of one party causes another to forbear to his detriment, equitable estoppel may be applied to prevent harm to the innocent party. State ex rel. Watson v. Gray, 48 So.2d 84 (Fla. 1950); Steen v. Scott, 144 Fla. 702, 198 So. 489 (1940). The principle has been applied in failure to prosecute cases. See, e.g., American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980) (a compelling reason, such as estoppel, may be shown to avoid dismissal where there has been no record activity); Grossman v. Segal, 270 So.2d 746 (Fla. 3d DCA 1972) (where defendant engaged in delaying tactics a motion to dismiss was properly denied so as to avoid "an unfair result" that would "defeat the cause of justice"), cert. denied, 274 So.2d 237 (Fla. 1973).
Further, after September, 1981, when plaintiff gave its notice for trial, control of the case for the purpose of scheduling and continuing trial dates was out of its hands and was properly undertaken by the trial court acting on its own or on motion of the defendants. Generally, once the plaintiff notices an action for trial, it is the duty of the court to set the cause for trial and the court's failure to do so precludes dismissal for failure to prosecute despite the lack of record activity during the ensuing one year. Fox v. Playa Del Sol Ass'n, 446 So.2d 126 (Fla. 4th DCA), rev. dismissed, 443 So.2d 980 (Fla. 1983); Visuna v. Metropolitan Transit Authority, 353 So.2d 183 (Fla. 3d DCA 1977); City of Miami v. Dade County, 321 So.2d 140 (Fla.3d DCA 1975), cert. denied, 334 So.2d 604 (Fla. 1976). MNB had a right to rely on the court's continuing control of the docket for the purpose of setting a new trial date. See City of Miami v. Dade County (rule governing dismissal for lack of prosecution requires the courts, as well as litigants, to keep the dockets as nearly current as possible).
Govayra v. Straubel, 466 So.2d 1065 (Fla. 1985), relied upon by defendants, also involved a dismissal for lack of prosecution where the plaintiff relied on the court to set the case for trial; the case is otherwise clearly distinguishable. Before trial in Govayra, the parties had filed a stipulation for continuance which stated that the plaintiff was not prepared. Pivotal to the supreme court's holding that plaintiff had the responsibility for renoticing the case for trial was the fact that plaintiff had requested a continuance after giving notice for trial. The holdings were the same in Hirsch v. Muldowney, 470 So.2d 766 (Fla. 3d DCA 1985), and Bogart v. F.B. Condominiums, Inc., 438 So.2d 856 (Fla. 2d DCA 1983), rev. denied, 449 So.2d 264 (Fla. 1984), also relied upon by defendants. MNB never requested a continuance after noticing the case for trial. Writing for the court in Fox v. Playa Del Sol Ass'n, Judge Letts said it this way: "[a]fter [plaintiff's] notice of trial, absent any other happening, the ball was in the court's court and this precluded the dismissal for failure to prosecute despite the lack of record activity during the ensuing year." 446 So.2d at 127 (citations omitted).
Finally, MNB contends that so long as the court had not entered a written order disposing of defendants' latest motion for leave to join an additional party defendant, in accordance with its oral pronouncement, dismissal for failure to prosecute was precluded. Again we agree. This court's opinion in Dashew v. Marks, 352 So.2d 554 (Fla. 3d DCA 1977) does not, as defendants suggest, dictate otherwise. In Dashew the complaint was ordered dismissed because plaintiff, "`under the impression that the attorney for the defendant was to prepare (an) appropriate order' for the court, reducing to writing the court's oral rulings on certain motions," failed to submit the written order or to take any action for a year. Id. at 555. It is uncontroverted in this case that MNB's counsel promptly submitted an order in accordance with the court's oral pronouncement, and that the court inadvertently failed to act on the order. MNB had no obligation, under pain of dismissal of its complaint, to pressure the court into signing *563 the order and setting a trial date. See Mikos v. Sarasota Cattle Co., 453 So.2d 402 (Fla. 1984) (it is inappropriate for a trial attorney to pressure a judge into setting a trial date). The failure of the court to sign the proposed order disposing of pending motions constituted a sufficient good cause showing why the case should not have been dismissed.
For all the reasons discussed herein, good cause was shown, thus the action should not have been dismissed.
Reversed and remanded for further proceedings.
JORGENSON, J., concurs.
BARKDULL, Judge, concurring in part, dissenting in part.
I concur with the decision to reverse because of the trial court's failure to sign the duly presented order but, I do not agree that the plaintiff can seek any solace in the fact that they had noticed the cause for trial when it was not at issue and the trial court had so recognized by removing the matter from the trial calendar with instructions "to be reset for trial on appropriate notice after the action is at issue."
NOTES
[1] A copy of the proposed order and counsel's cover letter to the judge are part of the record.
[2] Rule 1.420(e) provides:

Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.