PER CURIAM.
This is an appeal by the plaintiff landlord, Harbor House Partners, Ltd., from an adverse final summary judgment in an action below for breach of a residential lease agreement. The trial court concluded that this action was barred by the equitable doctrine of estoppel. We entirely agree and affirm based on the following briefly stated legal analysis.
First, it appears without material dispute that the defendant tenant, Anna Mitchel, was 89 years old and became debilitated in health during the term of a two-year apartment lease which she had with the plaintiff landlord. On August 27, 1984, the son of the defendant sent the plaintiff a letter informing the latter that the defendant could no longer live alone in the apartment due to her poor health and that he was forced to make arrangements to relocate her to a facility where she could be properly cared for. The letter concluded as follows:
“I expect that I will make whatever arrangements are necessary to relocate her no later than December 31, 1984, and we request that Mrs. Mitchel’s lease be cancelled at that time.
Please call me by September 10, 1984, if this is in any way unsatisfactory to you. In addition, all communication concerning this matter should be directed to the undersigned, and not to my mother as she is not capable of handling her own business.”
Second, the plaintiff landlord did not reply, as requested, to this letter and, accordingly, the defendant assumed that it had no objections to terminating the lease, given the rather compelling hardship shown for cancelling same. The defendant, therefore, made no arrangements to sublet the apartment; moved out of the apartment, as *243 promised, on December 31, 1984; and, has paid no rent since then.
Third, under these circumstances, we think the plaintiff landlord is estopped to claim that the subject lease was not mutually terminated on December 31, 1984. By not responding to the tenant’s hardship request letter of August 27,1984, the defendant quite reasonably believed that the plaintiff had no objection to terminating the said lease on December 31, 1984, and consequently took no steps to sublet the apartment. The defendant, we think, had a good-faith duty under Section 83.44, Florida Statutes (1985) to promptly respond to the above letter if it had any objection to so terminating the lease. This being so, all the elements of equitable estoppel have been shown and the plaintiff has no claim against the defendant for breach of the lease agreement. We see no merit in the plaintiffs arguments to the contrary. See Steen v. Scott, 144 Fla. 702, 198 So. 489, 493 (1940); Taylor v. Kenco Chemical & Mfg. Corp., 465 So.2d 581, 586 (Fla. 1st DCA 1985); see also Miami Nat’l Bank v. Greenfield, 488 So.2d 559, 562 (Fla. 3d DCA), rev. denied, 497 So.2d 1217 (Fla. 1986).
The final summary judgment under review is, in all respects,
Affirmed.