## AMERICAN MOTORISTS COMPANY, etc. v YOUNG
### Case No. 89-324 AP
Eleventh Judicial Circuit, Dade County

November 8, 1990

### APPEARANCES OF COUNSEL

·Ralph W. Symons, Esquire, for appellant.

No appearance by appellees.

Before FULLER, LEVINE, GREEN, JJ.

### OPINION OF THE COURT

GREEN, J.

This is an appeal from a County Court dismissing the appellant's complaint for lack of prosecution pursuant to Florida Small Claims Rule 7.110(e). For the reasons which follow we reverse.

Appellant American Motorists Company a/s/o Rex Engravings of Miami filed this complaint for subrogation against appellees Ronald Young and Jean Young on January 8, 1985. On March 9, 1988, this cause was noticed for a nonjury trial on April 12, 1988. On March 17, 1988, the trial court found in favor of appellant as to liability and ordered the case to proceed to trial solely on the issue of damages.

On March 30, 1988, appellant moved for and was granted a continuance of the trial date. Appellant later filed a notice to reset the cause for trial. The trial court rescheduled the trial for June 3, 1988. On that date, appellant again moved for a continuance of the trial due to the illness of its counsel. The court never ruled on this motion, rather, issued its Motion, Notice and Judgment of Dismissal requiring appellant to show cause why this case should not be dismissed for lack of prosecution pursuant to Rule 7.110(e), Florida Small Claims Rules.[1] In response, appellant advised the Court in writing that it had filed a motion for continuance and a proposed order granting the same but had not received the court's executed order. Thereafter, the court dismissed this action for lack of prosecution.

In accordance with the dictates of *Miami National Bank v Greenfield,* 488 So.2d 559, 563 (Fla. 3d DCA 1986), we find that the failure of the trial court to dispose of appellant's pending motion for continuance constituted a sufficient good cause showing why the case should not have been dismissed.

Reversed and remanded for further proceedings.

---

[1] Rule 7.110(e), Florida Small Claims Rules provides in pertinent part that:
all actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise has occurred for a period of six months shall be dismissed by the court on its own motion after 30 days notice to the parties, unless a party before the hearing on the motion shows good cause in writing why the action should remain pending.